UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON REYNOLDS,

    Plaintiff,

-vs-                                        CASE NO.:
                                                HON:

MIKE O'DONNELL, in his individual and
official capacity,

    Defendant.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>Amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

    **NOW COMES** Plaintiff, **AARON REYNOLDS**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendant states as follows:

1

# COMPLAINT AND JURY DEMAND

1. Plaintiff is a resident of the City of Flint, County of Genesee, State of Michigan.

2. Defendant MIKE O'DONNELL is and/or was a police officer employed by the State of Michigan at all times mentioned herein, and was acting under color of law, in his individual and official capacities, and within the course and scope of his employment at all times mentioned herein.

3. All relevant events giving rise to this lawsuit occurred in the City of Flint, County of Genesee, State of Michigan.

4. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

5. Venue is situated in the Eastern District of Michigan under 28 U.S.C. § 102.

6. This lawsuit arise out of Defendants' violation of Plaintiff's Federal Constitutional rights as secured by the Fourth Amendment of the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

7. That the amount in controversy exceeds Seventy-Five-Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## **FACTS**

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as through fully set forth herein.

9. On March 27, 2015, defendant MIKE O'DONNELL and officers of the Flint Area Narcotics Group (herein after referred to as FANG Officers), conducted a raid at a residence located at 1032 Huron Street, Flint, Michigan (herein after referred to as the residence).

10. Prior to the raid, Plaintiff was sleeping in a bedroom inside the residence.

11. At approximately 8:37 a.m., on March 27, 2015, Defendant MIKE O'DONNEL and FANG officers, after breaking down the door to the residence, entered the residence.

12. Shortly after breaking down the door, Defendant MIKE O'DONNELL and/or FANG officers entered the bedroom in the residence in which Plaintiff was sleeping.

13. Defendant MIKE O'DONNELL and/or FANG officers pulled Plaintiff from the bed on which he was sleeping, slammed Plaintiff to the floor and proceeded to beat Plaintiff.

14. Defendant MIKE O'DONNELL and/or FANG officers proceeded to kick, punch and strike Plaintiff.

15. Defendant MIKE O'DONNELL and/or FANG officers aimed numerous blows to Plaintiff's face and head.

16. After the beating, Plaintiff was taken and placed under arrest by Defendant MIKE O'DONNELL and/or FANG officers and taken by ambulance to the Emergency Room of the Hurley Medical Center in Flint, Michigan.

17. At some point after arriving at the Hurley Medical Center, Defendant MIKE O'DONNELL and/or FANG officers released Plaintiff from arrest.

18. Physicians and other medical personnel at Hurley Medical Center concluded that Plaintiff had suffered a litany of injuries, including but not limited to, "head trauma," severe swelling in his right eye, a blowout fracture to his right orbital bone, a nasal bone fracture, and opacification of the maxillary and ethmoid sinuses.

19. Due to the severity of the swelling in Plaintiff's right eye, Plaintiff was transferred from Hurley Medical Center to the University of Michigan hospital in Ann Arbor, Michigan.

20. At the University of Michigan hospital Plaintiff was treated for a blowout fracture to his orbital bone and swelling around his eyes, Plaintiff was discharged in the early morning hours of March 28, 2015 via a hospital-sponsored cab back to Flint.

21. That no charges were filed against Plaintiff as a result of the subject incident.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 .S.C. § 1983 EXCESSIVE FORCE

22. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

23. At all relevant times herein, the individual Defendant acted under color of law, within the scope and course of his employment, and in his official and individual capacity.

24. Defendant violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when they employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff in Defendant Mike O'Donnell and/or FANG Officers kicking, punching, and

5

striking Plaintiff about his face and head as well as unnecessarily slamming Plaintiff to the floor.

25. Defendant also failed to intervene on Plaintiff's behalf and thereby failed to stop the excessive force from being used against him despite his ability to do so.

26. The actions of Defendant was at all times objectively unreasonable and in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

27. Defendant is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

28. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendant, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 UNREASONABLE SEIZURE WITHOUT PROBABLE CAUSE

29. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

30. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

31. At all material times, Defendant acted under color of law and unreasonably when he violated Plaintiff's Fourth Amendment rights.

32. Defendant acted unreasonably and failed in his duty when he falsely arrested/detained/seized Plaintiff when Plaintiff was already complying with Defendant and posed no threat to Defendant.

33. Defendant acted unreasonably and failed in his duty when he unlawfully seized and detained Plaintiff by handcuffing him.

34. Defendant acted under color of law and is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

35. Defendant's illegal and unconstitutional acts were the direct and proximate cause of Plaintiffs deprivation of his Fourth Amendment rights.

36. Due to Defendant's action, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES


**s/Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650

Dated: March 17, 2017          shanna.suver@cjtrainor.com
CJT/jsw

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AARON REYNOLDS,

    Plaintiff,

-vs-　　　　　　　　　　　　　　　CASE NO.:
　　　　　　　　　　　　　　　　　HON:

MIKE O'DONNELL, in his individual and
official capacity,

    Defendant.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>Amy.derouin@cjtrainor.com | |

## **DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, **AARON REYNOLDS**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY:   **s/Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shanna.suver@cjtrainor.com

Dated: March 17, 2017
*CJT/jsw*